UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GABRIEL ORLANDO RAMIREZ,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:22-CV-04146-KES<br><br>ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS, GRANTING MOVANT'S MOTION TO COMPEL, AND ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION |

Movant, Gabriel Orlando Ramirez, filed a pro se motion and amended motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Dockets 1, 12. Respondent filed a motion to dismiss Ramirez's motions without holding an evidentiary hearing. Docket 27. Ramirez opposes the motion to dismiss and moves to compel phone recordings. Dockets 31, 33. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions.

## PROCEDURAL BACKGROUND

Magistrate Judge Veronica L. Duffy submitted a report and recommended that respondent's motion to dismiss be granted with respect to all claims in Ramirez's initial § 2255 petition because those claims are vague and conclusory. Docket 34 at 11, 18. Magistrate Judge Duffy recommended

that respondent's motion to dismiss Ramirez's ineffective assistance of counsel claim asserted in his amended § 2255 motion be denied. *Id.* at 18. Ramirez asserts that his counsel never presented him with any plea offers. Docket 12 at 4. Whether Ramirez's trial counsel presented him with a plea offer is disputed based on Ramirez's affidavit (Docket 32) and his counsel's affidavit (Docket 22). Docket 34 at 15–16. Thus, Magistrate Judge Duffy recommended an evidentiary hearing to resolve the conflict between the affidavits and to consider "many unanswered questions" to permit the court to fully consider Ramirez's ineffective assistance of counsel claim. *Id.*

After trial, when Ramirez was detained pending sentencing, another inmate told him that the government normally makes a plea offer and that it was very unusual that the government had not made a plea offer to Ramirez. Docket 12 at 4; Docket 32 ¶ 22. After this conversation, Ramirez called his trial counsel to ask why the government had not extended a plea offer to him. Docket 12 at 4; Docket 32 ¶ 22. Ramirez asserts that his counsel told him that the government had in fact extended a plea offer but his counsel did not tell him about the plea offer because Ramirez would not receive a sentence in excess of ten years even if he went to trial and was convicted. Docket 12 at 4; Docket 32 ¶ 23. Ramirez was sentenced to 240 months' imprisonment. Docket 34 at 4. Ramirez filed a motion to compel the government to produce all recordings of phone calls he placed to his trial counsel when he was being held at the South Dakota State Penitentiary (SDSP) pending sentencing as well as

between March and November 2021[1] when Ramirez was being held at FCI Oxford. Docket 33. The government did not respond to Ramirez's motion to compel.

Magistrate Judge Duffy recommended that Ramirez's motion to compel be granted in part and denied in part. Docket 34 at 18. Because Ramirez contends that a telephone call he placed to his counsel while he was being held at the SDSP pending sentencing controverts his counsel's affidavit and supports his claim that his trial counsel did not inform him of the plea offer, Magistrate Judge Duffy recommended that Ramirez's motion to compel be granted in part to require production to both parties of recordings of Ramirez's phone calls from August 1 to November 30, 2020, if available. *Id.* at 18–19. Because Ramirez did not assert that any critical telephone conversations about the plea offer took place when he was in federal prison after sentencing, Magistrate Judge Duffy recommended that his motion to compel production of telephone recordings from FCI Oxford be denied. *Id.* at 18.

The government filed a notice of no objections to the report and recommendation. Docket 36. Ramirez objected to the report and recommendation, but Ramirez's objection is limited to the recommendation that his motion to compel be denied in part. Docket 35 at 1. Ramirez does not

---

[1] The court agrees that the dates in Ramirez's motion to compel appear to be off by one year. Ramirez was sentenced on November 13, 2020. *United States v. Ramirez*, 4:19-CR-40035-KES (D.S.D.), Docket 98. The magistrate judge correctly construed Ramirez's motion to compel recordings of his telephone conversations with Hanson from the SDSP from August 1 to November 30, 2020, and recordings of his telephone conversations with Hanson from FCI Oxford from March to November 2021. *See* Docket 34 at 17–18 & n.2.

object to the recommendation that respondent's motion to dismiss be granted with respect to all claims in his initial § 2255 petition. *Id.*

## DISCUSSION

### I. Standard of Review

The court's review of the magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) (per curiam). In conducting its de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

### II. Respondent's Motion to Dismiss

The parties do not object to Magistrate Judge Duffy's recommendation that respondent's motion to dismiss be granted with respect to all claims in Ramirez's initial § 2255 petition and denied with respect to respondent's motion to dismiss Ramirez's ineffective assistance of counsel claim asserted in his amended § 2255 motion. Dockets 35, 36. The court adopts that portion of the report and recommendation regarding respondent's motion to dismiss and scheduling an evidentiary hearing. Docket 34 at 8–17. Respondent's motion to dismiss, Docket 27, is granted in part and denied in part. All claims asserted by Ramirez in his initial § 2255 motion, Docket 1, are dismissed with prejudice. The motion to dismiss the ineffective assistance of counsel claim alleged in the

4

amended § 2255 motion is denied. The matter is referred back to Magistrate Judge Duffy to conduct an evidentiary hearing.

### III. Ramirez's Motion to Compel

Magistrate Judge Duffy recommended that Ramirez's motion to compel be granted in part and denied in part. Docket 34 at 17–19. Magistrate Judge Duffy recommended that Ramirez's motion to compel records of his phone conversations with his counsel from March to November 2021 when Ramirez was incarcerated at FCI Oxford be denied because Ramirez has not alleged that "the critical conversations about the plea offer took place after he was in federal prison . . . following his sentencing." *Id.* at 18. In his objection, Ramirez acknowledges that the initial phone conversation regarding the alleged undisclosed plea offer took place while he was held in the SDSP. Docket 35 at 1. But Ramirez contends that later conversations while he was held at FCI Oxford confirm the initial conversation and add details regarding the withholding of the plea offer. *Id.* Ramirez's objection, while more detailed, is consistent with the allegations in his opposition to respondent's motion to dismiss and affidavit. In his opposition to respondent's motion to dismiss, Ramirez contends that the "inmate-telephone-system recordings" between him and his counsel "will prove every single statement that [Ramirez] has made in these proceedings regarding when and how he learned the government [had] offer[ed] a plea deal prior to his trial." Docket 31 at 13. According to his affidavit, "[t]hese recordings will prove that all of the statements that [Ramirez] ha[s] made regarding what and when Mr. Hanson told [him] about the

5

government's plea offer are true." Docket 32 ¶ 27. The report and recommendation notes that Hanson's affidavit is "conclusory" and lacks detail. Docket 34 at 15–16. Further, an evidentiary hearing is necessary because there is a conflict between Ramirez's affidavit and Hanson's affidavit and "[t]here are many unanswered questions[.]" *Id.* at 16–17. Phone records of conversations between Ramirez and Hanson from March to November 2021, when Ramirez was incarcerated at FCI Oxford, are reasonably calculated to lead to evidence that will assist the magistrate judge in assessing the credibility of Ramirez and Hanson as well as resolving the many unanswered questions regarding the plea agreement. Ramirez's objection, Docket 35, is sustained, and that portion of the report recommending that Ramirez's motion to compel be denied in part is rejected. Ramirez's motion to compel, Docket 33, is granted.

    The court orders the government to make inquiry of FCI Oxford to determine whether recordings of Ramirez's phone conversations with Hanson from March to November 2021 are available. If they are, the court orders that these recording be produced to both parties. If the government has not already done so, respondent should make inquiry of the SDSP to determine whether recordings of Ramirez's phone conversations with Hanson from August 1 to November 30, 2020, are available. If they are, these recordings should be produced to both parties.

    Thus, IT IS ORDERED

1. That the magistrate judge's report and recommendation (Docket 34) is adopted in part and rejected in part.

6

2. That Respondent's motion to dismiss, Docket 27, is granted in part and denied in part. All claims asserted by Ramirez in his initial § 2255 motion, Docket 1, are dismissed with prejudice. The motion to dismiss the ineffective assistance of counsel claim alleged in the amended § 2255 motion is denied.

3. That Ramirez's objection, Docket 35, to the report and recommendation is sustained. That portion of the report recommending that Ramirez's motion to compel be denied in part is rejected. Ramirez's motion to compel, Docket 33, is granted.

4. That the matter is referred back to Magistrate Judge Duffy to conduct an evidentiary hearing.

5. That Ramirez's motion for a status report, Docket 37, is denied as moot.

DATED February 16, 2024.

                                      BY THE COURT:

                                      /s/ *Karen E. Schreier*
                                      KAREN E. SCHREIER
                                      UNITED STATES DISTRICT JUDGE