UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GABRIEL ORLANDO RAMIREZ,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:22-CV-04146-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING § 2255 MOTION |

    This matter is before the court following an evidentiary hearing relating to one claim raised by movant Gabriel Ramirez in his amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 41; Docket 12.[1] After Ramirez filed his amended § 2255 motion, the United States moved to dismiss the motion for failure to state a claim. Docket 27. The court granted the United States's motion on all claims except one and ordered that an evidentiary hearing be held on the sole claim. Docket 38 at 6-7. After the evidentiary hearing, Magistrate Judge Veronica Duffy issued a report and recommended that Ramirez's sole remaining claim in his amended § 2255 motion be denied. Docket 50 at 36. Ramirez, through counsel, timely filed objections to the report and recommendation.[2] Docket 66. The United States

---

[1] The court will cite to documents from Ramirez's § 2255 motion using the case's assigned docket number. Documents from Ramirez's underlying criminal case, *United States v. Ramirez*, 4:19-CR-40035-KES (D.S.D.), will be cited using the case's assigned docket number preceded by "CR."

[2] Ramirez, acting pro se, also filed objections to the report and recommendation. Docket 67. But Ramirez is represented by counsel and is not

did not object to the report and recommendation. Docket 59. The court issues the following order.

## BACKGROUND

The court recounts the facts here as they are relevant to Ramirez's objections. Magistrate Judge Duffy provides a more complete description of the factual record established at the evidentiary hearing in her report and recommendation. *See* Docket 50 at 2-25.

In July 2020, a jury returned a verdict finding Ramirez guilty of conspiracy to distribute a mixture or substance containing 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. CR Docket 79. Ramirez was initially represented by attorney Janet Olson, CR Docket 19, but she withdrew after Ramirez privately retained attorney Michael Hanson, CR Dockets 39, 44. Hanson represented Ramirez at trial, sentencing, and on direct appeal. CR Dockets 81, 96; *see United States v. Ramirez*, 21 F.4th 530, 531 (8th Cir. 2021).

In October 2022, Ramirez filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. Ramirez then moved to amend the § 2255 motion to add one claim: that Hanson rendered ineffective

---

proceeding pro se in this matter. "There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994); *see also Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party."). Because Ramirez is represented by counsel, the court only addresses the objections to the report and recommendation filed by his counsel.

assistance of counsel by failing to inform Ramirez about a plea offer that had been extended by the United States before trial. Docket 12 at 5. The court granted Ramirez's motion to amend. Docket 14. After the United States moved to dismiss Ramirez's § 2255 motion, Docket 27, Magistrate Judge Duffy issued a report that recommended the court grant the United States's motion to dismiss except on Ramirez's ineffective assistance claim against Hanson, Docket 34 at 18. On that claim, the magistrate judge recommended the court hold an evidentiary hearing. *Id.*

An evidentiary hearing was held before Magistrate Judge Duffy to determine whether Hanson had informed Ramirez of a plea offer extended by the government and, if not, whether Ramirez would have accepted the plea offer. Docket 41; Docket 71 at 3. After considering all the evidence, the magistrate judge filed a report that contained summaries of witnesses' testimony. Docket 50 at 2-25. The magistrate judge also made credibility determinations in favor of Olson and Hanson, *id.* at 31-36, and ultimately recommended this court dismiss Ramirez's ineffective assistance of counsel claim, *id.* at 36.

Ramirez, through counsel, timely filed objections to the report. Docket 66. Ramirez objects "on the grounds that (1) the Report overvalued Mr. Ramirez's prior counsels' testimony, (2) the Report failed to properly weigh evidence regarding Mr. Hanson's failure to advise Mr. Ramirez of the plea opportunities and benefits, and (3) the Report failed to consider evidence of prejudice." *Id.* at 1.

3

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Section 2255 allows a federal prisoner to "vacate, set aside or correct" a federal sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (internal quotation marks omitted). Although claims brought under § 2255 may be limited by procedural default, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). "The movant bears the burden to

4

prove each ground entitling relief." *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

To succeed on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced the movant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A movant "faces a heavy burden" to establish ineffective assistance of counsel under § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. To show prejudice, a movant must prove that "but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different." *Cox v. Norris*, 133 F.3d 565, 573 (8th Cir. 1997). "There is a presumption that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002) (citation omitted).

I.  **Failure to Convey to Ramirez a Plea Deal Offered by the United States**

In the report, the magistrate judge recommended this court grant the United States's motion to dismiss because "the evidence does not show that [Hanson] failed to tell Mr. Ramirez of the possibility of entering into a plea agreement and the benefits thereof." Docket 50 at 35-36. The magistrate judge also stated that "the evidence does not establish prejudice because Mr. Ramirez

5

never satisfied his burden of proof to show that he would have accepted a plea offer and pleaded guilty." *Id.* at 36. Ramirez objects and contends that the magistrate judge, in making her recommendation, overvalued Hanson and Olson's testimony. Docket 66 at 2-10. Additionally, Ramirez asserts that the magistrate judge did not "adequately consider evidence regarding Mr. Hanson's failure to advise Mr. Ramirez of the plea offer from the government." *Id.* at 10. Finally, Ramirez maintains that the magistrate judge "erred in concluding that Mr. Ramirez failed to demonstrate prejudice" and that, instead, he "presented substantial evidence indicating that there was a reasonable probability that he would have proffered and accepted the plea offer if it had been communicated to him." *Id.* at 11.

After a de novo review of the evidentiary hearing transcript, the hearing exhibits, and the record of filings in the court's docket, the court finds that the magistrate judge's analysis of the facts and evidence is sound and that all three of Ramirez's objections are unpersuasive. First, the magistrate judge did not overvalue Hanson and Olson's testimony. The magistrate judge determined that both Hanson and Olson's testimony was "supported by the documents from their files and by the record of filings in the court's docket." Docket 50 at 31. The magistrate judge found Olson credible based upon the detailed case file that she kept while representing Ramirez and because of her standing as a neutral witness in this matter. *Id.* These findings by the magistrate judge are supported by the record. *See* Docket 50 at 8-25 (describing in detail Hanson and Olson's oral testimony while meticulously citing to the record in support of

6

such descriptions). The record also reveals that both Hanson and Olson are experienced criminal defense attorneys who are familiar with the plea bargaining and proffering processes. Docket 49 at 32, 34-35, 42-43, 46-48, 58-59, 83-84. Ramirez argues that Hanson's testimony cannot be accepted because he relied solely on his recollection from over four years ago. Docket 66 at 8. It is true that Hanson's failure to adequately document his consultations with Ramirez is troubling. But this failure is not dispositive, and, as stated above, the record reflects that the magistrate judge did not overvalue Hanson's testimony. As such, the court overrules Ramirez's first and second objections to the magistrate judge's credibility determinations.[3]

Ramirez next objects to the magistrate judge's statement that Ramirez failed to show *Strickland* prejudice. *Id.* at 11-13; Docket 50 at 36. Ramirez states that "Hanson's failure to advise of the plea offer and mirror[] Ms. Olson's recommendations[] prejudiced Mr. Ramirez in this matter." Docket 66 at 13. The court agrees with the magistrate judge, however, and holds that Ramirez has indeed failed to show *Strickland* prejudice. *See* Docket 50 at 36.

---

[3] The reasons Ramirez provides under his second objection—that the magistrate judge did not properly consider evidence of Hanson's failure to inform and advise Ramirez of the plea offer—are merely extensions of those provided under his first objection—that the magistrate judge overvalued Hanson and Olson's testimony. *Compare* Docket 66 at 2-10 (articulating Ramirez's first objection), *with id.* at 10-11 (articulating Ramirez's second objection). In both objections, Ramirez argues that the report and recommendation incorrectly credits Hanson and Olson's testimony. Thus, the court addresses Ramirez's first and second objections together.

7

A defendant's Sixth Amendment right to effective assistance of counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). In *Frye*, the Supreme Court dealt with a situation that arose "in the context of claimed ineffective assistance that led to the lapse of a prosecution offer of a plea bargain, a proposal that offered terms more lenient than the terms of the guilty plea entered later." *Missouri v. Frye*, 566 U.S. 134, 138 (2012). The Court held that, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 145. The offer in *Frye*, the Court acknowledged, "was a formal one with a fixed expiration date." *Id.*

Under *Frye*, when a movant claims his counsel's performance was constitutionally ineffective because a formal plea offer was not conveyed and the movant instead proceeded to trial, the movant must

> demonstrate a reasonable probability [that he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel. [The movant] must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . . . To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Id.* at 147. Thus, to demonstrate prejudice, Ramirez must show that there was a reasonable probability he would have accepted the plea and that there was "a reasonable probability that the plea would have been entered without the prosecution canceling it." *Ramirez v. United States*, 751 F.3d 604, 608 (8th Cir. 2014).

8

Here, after reviewing the evidence presented at the evidentiary hearing, the magistrate judge correctly determined that no written, formal plea offer was ever extended by the government to either Hanson or Olson. Docket 50 at 33; *see* Docket 49 at 43-44, 57, 60-61, 92. At most, the government orally relayed to Hanson an informal plea offer that may have provided Ramirez a three-point reduction in his United States Sentencing Guidelines calculation but essentially required Ramirez to reach out to the government if he was interested in pleading or proffering. Docket 49 at 56-57, 82-83; *see Ramirez*, 751 F.3d at 608 (differentiating an informal plea offer from a formal one). Thus, the facts here are distinguishable from those in *Frye* because the government never extended a formal plea offer to Ramirez. Because Ramirez received at most an informal plea offer that contained no promises or assurances, "[h]e simply has not shown that a reasonable probability existed that the government would have extended a plea offer." *Ramirez*, 751 F.3d at 608.

Nor has Ramirez shown that he would have accepted the plea offer, assuming Hanson's performance was deficient under *Strickland* and *Frye*. The record reflects that, before trial, Ramirez vehemently believed the government did not have sufficient evidence to support the charge against him, Docket 49 at 51-55, 90, and that Ramirez was not interested in cooperating with the government, *id.* at 53. In fact, both Hanson and Olson testified that they had serious difficulty contacting Ramirez over the phone and in person, and that Ramirez failed to appear at scheduled meetings on multiple occasions to discuss the case. *Id.* at 33, 53. This cuts against the likelihood that Ramirez

9

would have accepted a plea agreement if he had been offered one. Ramirez has similarly failed to present evidence that he possessed information that would have benefitted the government. *See Ramirez*, 751 F.3d at 608. Taken together, it is reasonable to infer that Ramirez had no interest in accepting a plea offer even if Hanson failed to communicate a formal offer to him.

Additionally, an informal plea offer that lacks definition makes it difficult "to determine it likely that a plea acceptable to [Ramirez] would have been 'entered without the prosecution canceling it or the trial court refusing to accept it.' " *Id.* at 608 n.3 (quoting *Merzbacher v. Shearin*, 706 F.3d 356, 370 (4th Cir. 2013)). As a result, Ramirez has failed "to demonstrate that he suffered the requisite prejudice under *Strickland* and *Frye*, especially where Ramirez 'has no right to be offered a plea.' " *Id.* at 608 (quoting *Frye*, 566 U.S. at 148). Ramirez's third objection is therefore overruled.

## Certificate of Appealability

To appeal the denial of a § 2255 motion, a petitioner must first seek a certificate of appealability from the district court. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet the substantial showing requirement, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Said differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could

resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Ramirez has not made a substantial showing that his claims are debatable among reasonable jurists, that a court could resolve his claims differently, or that any of the issues raised in his claims deserve further proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

Based on the foregoing, it is

ORDERED:

1. The United States's motion to dismiss (Docket 27) is granted.

2. Ramirez's final § 2255 claim (Docket 12) is dismissed with prejudice.

3. Magistrate Judge Duffy's report and recommendation (Docket 50) is adopted in full as supplemented by this order.

4. Ramirez's objections (Dockets 66, 67) are overruled.

5. A certificate of appealability will not be issued.

6. Ramirez's motion for reconsideration (Docket 60) is denied as moot.

Dated April 9, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE